Case 08-90365    Filed 12/04/09    Doc 721

2008-90365
FILED
December 04, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002256537

CRAIG STUPPI, CAL. BAR NO. 51663
SARAH M. STUPPI, CAL. BAR NO. 103041
LAW OFFICES OF STUPPI & STUPPI
1630 North Main Street #332
Walnut Creek, CA 94596
Telephone: (415) 786-4465
Facsimile: (925) 287-8113

Attorneys for The Beneficiary Committee of the Liquidating Trust

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>DIABLO GRANDE LIMITED PARTNERSHIP, a California limited partnership,<br><br>            Debtor. | Bk. Case No. 08-90365<br><br>Chapter 11<br><br>**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER SUSTAINING OMNIBUS OBJECTION TO CLAIMS OF OAK FLAT GOLF CLUB MEMBERS FILED BY THE FOLLOWING:**<br><br>**LESTER ANDERSON (DOCKET #601)**<br>**ROBERT CASEY (DOCKET #558)**<br>**ROBERT W. COOK III (DOCKET #582)**<br>**GARY & SHEILA DESANTIS (DOCKET #598)**<br>**CARLOS L. GARCIA (DOCKET #597)**<br>**MARK HILL (CLAIM #26)**<br>**DANIEL & SANDRA LO (DOCKET #575)**<br>**KEVIN M. MANKIN (CLAIM #213)**<br>**NEXT STEPP SOLUTIONS & TOM STEPP (CLAIM #22)**<br>**NEXT STEPP SOLUTIONS (DOCKET #580)**<br>**ROBERT J. & BARBARA R. RUSSELL (DOCKET #614)**<br>**ANTERO & ANNABELLE SORIANO (DOCKET #588)**<br>**THOMAS STEPP (DOCKET #579)**<br>**LARRY A. & DEDRA R. WALTERS (DOCKET #583)**<br>**DONALD WEBB & TERESA WELSH (DOCKET #576)**<br><br>Date: November 25, 2009<br>Time: 10:30 a.m.<br>Courtroom: Suite 4 |

1                [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF
                 LAW AND ORDER SUSTAINING OMNIBUS OBJECTION TO
                 CLAIMS (OAK FLAT GOLF CLAIMS)

RECEIVED
December 01, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002256537

On November 25, 2009 at 10:30 a.m., a hearing ("Hearing") was held on the *Omnibus Objection to Claims of Oak Flat Golf Members* ("Omnibus Objection") filed by the Beneficiary Committee ("Beneficiary Committee") of Diablo Grande Limited Partnership ("Debbtor"), at United States Bankruptcy Court for the Eastern District of California, Modesto Division, 1200 I Street, Suite 4, Modesto, CA, before the Honorable Robert S. Bardwil, United States Bankruptcy Judge. Appearing on behalf of the Beneficiary Committee was Craig Stuppi, Esq. Also appearing was claimant Robert J. Russell. No other appearances were made.

The Omnibus Objection was filed by the Beneficiary Committee pursuant to 11 U.S.C. §§502 and 503, Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 3007-1 of the Bankruptcy Court for the Eastern District of California. The Omnibus Objection was supported by the Notice of Hearing, the Omnibus Objection and the Declaration of Dwain Sanders in support of the Omnibus Objection, which were timely filed and served on all interested parties.

NOW, THEREFORE, based upon all the evidence proffered, and the memoranda and responses filed in connection with the Omnibus Objection, and the arguments of the parties at the Omnibus Objection hearing; and upon the entire record before the Court and after due deliberation thereon; and good cause appearing therefore,

THE COURT FINDS THAT:

A.   The findings of facts and conclusions of law set forth herein constitute the Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. To the extent that any findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of facts, they are adopted as such.

B.   Proper, timely, adequate and sufficient notice of the Omnibus Objection and this Hearing have been provided pursuant to 11 U.S.C. §§502 and 503, Rule 3007 of the Bankruptcy Rules and Local Rule 3007-1 of the Bankruptcy Court for the Eastern District of California. No other or further notice of the Omnibus Objection is necessary.

C.   This Court has jurisdiction over the Omnibus Objection, which is a "core" matter pursuant to 28 U.S.C §§ 157(b)(2)(A) and (B).

D.   The bar date for filing unsecured proofs of claim in the Debtor's case was June 30, 2009 ("Bar Date").

E.   The Court record reflects that in or about the year 2000, the Debtor entered into an amended agreement with OAK FLAT GOLF COMPANY, LLC ("Oak Flat"), a California Limited Liability Company, entitled "Management Agreement for the Diablo Grande Ranch Golf Course, Legends Golf Course and Clubhouse" ("Oak Flat Agreement") to allow Oak Flat to manage and operate the Ranch Golf Course, the Legends Golf Course and the Clubhouse at Diablo Grande (the "Managed Facilities").

F.   The Court record reflects that from 2000 through February 2008, Oak Flat operated the Managed Facilities. During this time, Oak Flat offered memberships in The Legends West Club at Diablo Grande (the "Club"). These memberships provided unlimited use of the Club facilities including, but not limited to, free use of the golf courses and the tennis courts, as well as private locker rooms, a swimming pool and a "members only" poolside bar and lounge, among other amenities.

G.   The Court concludes that Oak Flat is a separate legal entity from the Debtor and independently managed the Club Facilities. The Debtor never operated the Managed Facilities nor solicited from memberships in the Club. Further, Oak Flat received the membership fees directly from the members along with other revenues in

connection with the operation of the Managed Facilities in accordance with the Oak Flat Agreement.

  H. The following proofs of claim were filed as unsecured claims by certain members of the Oak Flat Club in the Claims Register of this Court against the Debtor:

   MARK HILL (Claim # 26, filed on May 27, 2008) for $15,450.00;

   KEVIN M. MANKIN (Claim # 213, filed on January 5, 2009) for $16,792.50 and

   NEXT STEPP SOLUTIONS & TOM STEPP (Claim # 22, filed on May 14, 2008) for $18,995.00.

  I. The Court concludes that the above claims shall be disallowed under Section 502(b)(1) of the Code as such claims are unenforceable against the Debtor and the Debtor's property under any agreement or applicable law. The claims listed above fail to provide any legal entitlement to make a claim against the estate or establish any debtor-creditor relationship between the claimant and the Debtor.

  J. The following Administrative Expense Claims ("Administrative Claims") were filed by Oak Flat Club members on the Court's Docket, and were filed after the unsecured claims' bar date of June 30, 2008, as follows:

   LESTER ANDERSON (Docket # 601, filed on December 22, 2008) for $21,265.00;

   ROBERT CASEY (Docket # 558, filed on November 24, 2008) for $17,500.00;

   ROBERT W. COOK III (Docket # 582, filed on December 9, 2008) for $16,792.50;

   GARY & SHEILA DESANTIS (Docket #598, filed on December 19, 2008) for $19,130.00;

   CARLOS L. GARCIA (Docket # 597, filed on December 18, 2008) for $16,760.00;

       DANIEL & SANDRA LO (Docket # 575, filed on December 4, 2008) for $16,500.00;

       NEXT STEPP SOLUTIONS (Docket # 580, filed on December 8, 2008) for $18,995.00;

       ROBERT J. & BARBARA R. RUSSELL (Docket # 614, filed on December 31, 2008) for $25,000.00;

       ANTERO & ANNABELLE SORIANO (Docket #588, filed on December 12, 2008) for $16,666.62;

       THOMAS STEPP (Docket # 579, filed on December 8, 2008) for $18,995.00;

       LARRY A. AND DEDRA R. WALTERS (Docket # 583, filed on December 9, 2008) for $16,906.00; and

       DONALD WEBB & TERESA WELSH (Docket # 576, filed on December 5, 2008) for $18,725.00.

       K.    The above claims shall be disallowed, as these claims were filed as "administrative priority" claims and fail to set forth the basis of administrative priority under section 503(b) of the Code and reflect claims arising from pre-petition memberships with the Oak Flat Club. Further, these unsecured claims were filed months after the unsecured claims' bar date of June 30, 2008, and shall be further disallowed as untimely in accordance with Bankruptcy Rule 3007(d)(4).

       L.    Further, the above claims shall also be disallowed under Section 502(b)(1) of the Code, as these claims are unenforceable against the Debtor and property of the Debtor, under any agreement or applicable law. In this instance, all of the claims listed above fail to provide any legal entitlement to make a claim against the estate or establish any debtor-creditor relationship between the claimant and the Debtor.

       M.    As to the above administrative claims filed by Thomas Stepp (Docket #579) and Next Stepp Solutions (Docket #580) noted above, these claims are duplicative

of Claim No. 22, filed on May 14, 2008, for $18,995.00 and shall be also disallowed in accordance with Bankruptcy Rule 3007(d)(1).

Based upon the foregoing findings of facts and conclusions of law stated herein, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The objections set forth in the Omnibus Objection are sustained.

2. The claims of MARK HILL (Claim # 26, filed on May 27, 2008) for $15,450.00; KEVIN M. MANKIN (Claim # 213, filed on January 5, 2009) for $16,792.50 and NEXT STEPP SOLUTIONS & TOM STEPP (Claim # 22, filed on May 14, 2008) for $18,995.00 are hereby disallowed in their entirety pursuant to pursuant to §502(b)(1) of the Bankruptcy Code.

3. The claims of LESTER ANDERSON (Docket # 601, filed on December 22, 2008) for $21,265.00; ROBERT CASEY (Docket # 558, filed on November 24, 2008) for $17,500.00; ROBERT W. COOK III (Docket # 582, filed on December 9, 2008) for $16,792.50; GARY & SHEILA DESANTIS (Docket #598, filed on December 19, 2008) for $19,130.00; CARLOS L. GARCIA (Docket # 597, filed on December 18, 2008) for $16,760.00; DANIEL & SANDRA LO (Docket # 575, filed on December 4, 2008) for $16,500.00; NEXT STEPP SOLUTIONS (Docket # 580, filed on December 8, 2008) for $18,995.00; ROBERT J. & BARBARA R. RUSSELL (Docket # 614, filed on December 31, 2008) for $25,000.00; ANTERO & ANNABELLE SORIANO (Docket #588, filed on December 12, 2008) for $16,666.62; THOMAS STEPP (Docket # 579, filed on December 8, 2008) for $18,995.00; LARRY A. AND DEDRA R. WALTERS (Docket # 583, filed on December 9, 2008) for $16,906.00; and DONALD WEBB & TERESA WELSH (Docket # 576, filed on December 5, 2008) for $18,725.00 are disallowed in their entirety pursuant to §§ 502(b)(1) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d)(4).

4. Further, the administrative claims filed by Thomas Stepp (Docket #579) and Next Stepp Solutions (Docket #580) are also disallowed as duplicative of Claim

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER SUSTAINING OMNIBUS OBJECTION TO CLAIMS (OAK FLAT GOLF CLAIMS)

No. 22, filed on May 14, 2008, for $18,995.00 in accordance with Bankruptcy Rule 3007(d)(1).

Dated: December 04, 2009

T

Robert S. Bardwil, Judge
United States Bankruptcy Court